# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FULLCIRCLE PLACEMENT PARTNERS, LLC, </br> </br> Plaintiff, </br> </br> vs. </br> </br> MILLARD ROOFING & GUTTERS, LLC, </br> </br> Defendant. | Case No. 4:25-cv-00121-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Defendant's Notice of Removal. *See* Doc. [1]; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (discussing a federal court's "independent obligation to determine whether subject-matter jurisdiction exists"). Defendant's Notice has at least two deficiencies. *First*, the Notice does not establish the citizenship, at any time, of either party, both[*] of which are named as limited liability companies. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that an LLC's citizenship is that of its members for diversity jurisdiction purposes); *James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) (noting that the court could "be assured of its own jurisdiction" only when the party with

---

[*] In the underlying state matter, Plaintiff names Defendant as "Millard Roofing & Gutters, LLC." Counsel for Defendant consistently refers to itself as such. *See, e.g*, Doc. [1] at 4 ("Defendant Millard Roofing & Gutters, LLC provides Notice of Removal of the above-styled action"); Doc. [4] (counsel entering a limited appearance "on behalf of Defendant Millard Roofing & Gutters, LLC"). Yet, Defendant also alleges it is a "Nebraska corporation." Doc. [1] ¶ 7; *accord* Doc. [1-4] ¶ 5. Any amended notice of removal must clear up this confusion. *See Medcalf v. Manley*, 4:23-cv-01181-MTS, 2023 WL 7155591, at *1 n.2 (E.D. Mo. Oct. 31, 2023).

the burden to establish subject matter jurisdiction "identif[ied] each of the individual members of the defendant LLC and specifically plead[ed] the state of their citizenship"); *see also, e.g.*, *Smith v. Wesley*, 4:23-cv-01282-MTS, 2023 WL 6639490, at *1 (E.D. Mo. Oct. 12, 2023) (finding removing defendant failed to establish diversity jurisdiction under § 1332(a) when he failed to identify LLC's members).

*Second*, the Notice fails to address whether the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"); *see also, e.g.*, *Jackson v. Allen*, 132 U.S. 27, 34 (1889) (reversing the judgment of the court below "with directions to remand to the state court" because "the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown").

For at least these reasons, the Notice fails to carry Defendant's burden of establishing the Court's subject matter jurisdiction. *See Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) (explaining that the "burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction"). If Defendant can establish this Court's subject matter jurisdiction, it must file an amended notice of removal doing so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend its notice of removal). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

- 3 -

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday**, **February 07, 2025**, Defendant must file an amended notice of removal that establishes this Court's subject matter jurisdiction. Failure to do so will result in the remand of this action.

Dated this 31st day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE